# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEMAIN DOMINGUEZ a/k/a DEMIAN DOMINGUEZ,<br><br>Petitioner,<br><br>vs.<br><br>BRIAN E. WILLIAMS, *et al.*,<br><br>Respondents. | Case No. 2:12-cv-01608-JAD-PAL<br><br>**ORDER** |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. Before the Court is petitioner's motion for leave to conduct discovery. (Doc. 26). Also before the Court is respondents' motion to dismiss the first amended petition based on lack of exhaustion of all claims. (Doc. 27).

**I. Procedural History**

After a jury trial in the Eighth Judicial District Court for the State of Nevada, petitioner was convicted of the following: Count I, conspiracy to commit robbery; Count II, conspiracy to commit murder; Count III, conspiracy to commit a crime; Count IV, burglary; Count V, robbery with the use of a deadly weapon; and Count VI, murder with the use of a deadly weapon. (Exhibits 56 &

65).[1]  Petitioner was sentenced as follows: Count I, a term of 13-60 months; Count 2, a term of 24-96 months, consecutive to Count I; Count III, 12 months, concurrent to Count II; Count IV, 22-96 months, concurrent to Counts I-III; Count V, 35-156 months, plus a consecutive 35-156 month term for use of a deadly weapon, to run concurrent with Counts I-IV; and Count VI, a term of 20 years to life, plus a consecutive term of 20 years to life for the use of a deadly weapon, to run concurrent with Counts I-V.  (Exhibit 65).

Petitioner pursued a direct appeal.  (Exhibit 67).  The Nevada Supreme Court issued an order on December 10, 2010, affirming petitioner's convictions.  (Exhibit 74).  Remittitur issued on January 4, 2011.  (Exhibit 75).

Petitioner filed a post-conviction habeas petition in the state district court on August 17, 2011.  (Exhibit 80).  The state district court denied the petition.  (Exhibit 84).  Petitioner appealed from the denial of his post-conviction habeas petition.  (Exhibit 86).  By order filed July 25, 2012, the Nevada Supreme Court affirmed the denial of the post-conviction petition.  (Exhibit 103).  Remittitur issued on August 20, 2012.  (Exhibit 104).

Petitioner filed a second post-conviction habeas petition in the state district court on January 12, 2012.  (Exhibit 90).  The state district court denied this petition.  (Exhibit 95).  Petitioner appealed.  (Exhibit 98).  On January 16, 2013, the Nevada Supreme Court affirmed the denial of the petition, finding the second post-conviction habeas petition procedurally defaulted.  (Exhibit 105).

Petitioner dispatched his federal habeas petition to this Court on September 6, 2012.  (Doc. 1, Petition, at p. 1).  This Court appointed counsel to represent petitioner in this habeas proceeding.  (Doc. 6).  The first amended petition was filed on September 26, 2013.  (Doc. 18).  The first amended petition contains five grounds for relief.  (*Id.*).

On September 27, 2013, petitioner filed a motion for leave to conduct discovery.  (Doc. 26).  Respondents filed an opposition to the motion.  (Doc. 28).  Petitioner has filed a reply.  (Doc. 34).

---

[1] The exhibits referenced in this order are found in the Court's record at Docs. 19-25.

On October 9, 2013, respondents filed a motion to dismiss, asserting that two grounds of the petition are unexhausted. (Doc. 27). Petitioner, through counsel, has opposed the motion. (Doc. 35). Respondents filed a reply. (Doc. 36).

**II. Discussion**

Petitioner has filed a motion to conduct discovery regarding the cause of victim Mark Friedman's death in the underlying state criminal case. Specifically, petitioner seeks the following discovery: (1) An order for the release of medical records from University Medical Center for Mark Friedman between the dates of January 30, 2007, and February 9, 2007; and (2) an order for the release of the medical records from the paramedics/AMR Unit 3911 related to Mark Friedman between the dates of January 30, 2007 and February 9, 2007. (Doc. 26, at p. 6). Petitioner states that the records he now seeks in discovery were never turned over to the defense before trial and were not admitted into evidence at trial. Petitioner contends that the State's theory of the case was that Friedman died as a result of three stab wounds to his torso that occurred on January 30, 2007. Petitioner contends there was evidence at trial that there was no "direct internal injury" from the stab wounds and none of them hit a vital organ. (Exhibit 53, at pp. 10, 14-17, 30). Petitioner contends that evidence showed that the stab wounds themselves "were not lethal." (*Id.*, at p. 34). Petitioner states that Friedman later underwent an "unnecessary" and "exploratory" abdominal surgery. During surgery, Friedman vomited and he aspirated some of the vomit into his lungs. (*Id.*, at pp. 11, 27-28). Friedman died from pneumonia ten days after the surgery, on February 9, 2007. (*Id.*, at pp. 27-28). Petitioner presents a letter from Dr. Bruce J. Hirschfeld, a doctor specializing in general and vascular surgery, who opines in a letter that the evidence at trial raises questions about the true cause of death, but he can only answer those questions if he is able to review Friedman's medical records. (Exhibit 106, at pp. 2-3).

Petitioner contends that the true cause of Friedman's death is relevant to at least two of the claims raised in his federal habeas petition, specifically, Grounds Two and Three. In Ground Two, petitioner claims that counsel was ineffective for failing to move for dismissal of the murder and conspiracy charges based on evidence of an intervening cause of Friedman's death, to wit, the exploratory surgery. (Doc. 18, at pp. 12-16). In Ground Three, petitioner claims that counsel was

ineffective for failing to investigate the State's witnesses regarding medical evidence concerning Mr. Friedman. Petitioner claims that an investigation into the State's witnesses would have established that the cause of Friedman's death was not the stabbing, but rather, the surgery. (Doc. 18, at pp. 16-19).

Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. *Bracy*, 520 U.S. at 904, 909. In *Harri*s, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner *may*, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300 (emphasis added). In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in discovery. 520 U.S. at 908-09. The Ninth Circuit, consistent with *Bracy* and *Harris* has held repeatedly that habeas discovery is appropriate in cases where the discovery sought might only provide support for a claim. *See, e.g., Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997).

Respondents argue that petitioner has not shown good cause for discovery because his request has no potential to uncover relevant evidence. Respondents rely on the holding in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), in which the Supreme Court ruled that the federal court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. Respondents argue that, to the extent that Grounds Two and Three of the federal petition are exhausted, this Court's review under § 2254(d)(1) is

limited to the evidence that previously has been presented to the Nevada courts. Respondents argue that evidence which was not presented to the Nevada Supreme Court is not relevant to this Court's resolution of petitioner's federal habeas claims under *Pinholster*, and therefore, petitioner should not be allowed to engage in discovery of such information. Respondents further contend that, in order to conduct discovery, petitioner must satisfy the requirements necessary for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e).

The Supreme Court in *Pinholster* expressly declined to decide "whether § 2254(e)(2) prohibited the District Court from holding the evidentiary hearing or whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." 131 S.Ct. 1411 n.20. The Supreme Court made no holding in *Pinholster* as to whether a district court may grant leave for discovery before it determines whether § 2254(d)(1) has been satisfied on the merits. Certainly, the Supreme Court made no determination in *Pinholster* that a petitioner seeking leave for discovery under Rule 6(a) must anticipatorily demonstrate – over and above what *Bracy* requires – that the discovery sought would not place his claims in "violation" of *Pinholster*. When and if this Court reaches a merits review in this action, the Court will address to what extent *Pinholster* limits the evidence this Court considers pursuant to its review under 28 U.S.C. § 2254(d).

Petitioner seeks the production of medical records of victim Mark Friedman between the dates of January 30, 2007, and February 9, 2007, which pertain to Grounds 2, 3, and possibly Ground 5 of the first amended petition. The records sought by petitioner may potentially bear on the extent to which petitioner's trial counsel may have been ineffective for failing to move for dismissal of the murder and conspiracy charges, and failing to investigate the State's witnesses. Good cause appearing, petitioner's motion to conduct discovery is granted, subject to the conditions set at the conclusion of this order. *See Bracy v. Gramley*, 520 U.S. 899 (1997); Rule 6(a) of Rules Governing Section 2254 Cases.

Finally, respondents challenge whether Grounds 3 and 5 of the first amended petition were exhausted in the state courts. (Doc. 27). The discovery permitted by this order may well have significant bearing on Ground 2, Ground 3, as well as Ground 5. The Court may perhaps ultimately

hold that such grounds are unexhausted and petitioner may thereafter establish a basis for a stay to return to state court to exhaust the claims.  In such circumstances, the record before the state courts when they ultimately reach the merits will not necessarily exclude facts developed in the current federal proceedings.  The Ninth Circuit, in *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), specifically approved of such a scenario – where a stay would be entered so that the state courts could consider evidence developed during federal habeas discovery.  *Gonzalez,* which was decided after *Pinholster*, expressly took the rule in *Pinholster* into account in directing such a stay:

> Under *Pinholster*, we may not consider those later-discovered materials in reviewing Gonzales's federal habeas claim.  Because it appears to us that those materials strengthen Gonzales's *Brady* claim to the point that his argument would be potentially meritorious – that is, that a reasonable state court might be persuaded to grant relief on that claim – it is not appropriate for us to ignore those materials.  We remand that portion of the case to district court with instructions to stay the proceeding in order to give Gonzales an opportunity to return to state court and present his claim with the benefit of the materials that were not available and not part of the record at the time of the California Supreme Court decision.  By that process, we seek to satisfy the intent of AEDPA, as discussed in *Pinholster*, 131 S.Ct. at 1398, that habeas claims of state prisoners be channeled in the first instance to the state court.

*Gonzalez*, 667 F.3d at 972 (footnote omitted).  Given *Gonzalez*, it does not appear that the Ninth Circuit views *Pinholster* as either barring the door to federal habeas discovery or as otherwise standing in the way of the ultimate disposition of claims on a full and fair record.  This Court will not decide procedural and merits-based issues in this case before it permits the discovery of facts that may more fully inform its consideration of at least some of those issues later in the case.  Thus, at this juncture, respondents' motion to dismiss the first amended petition based on lack of exhaustion is denied, without prejudice to renewing the motion in the future, if supported by the record.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Doc. 27) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to conduct discovery (Doc. 26) is **GRANTED**, as specified below.

1    **IT IS FURTHER ORDERED** that petitioner is granted leave to serve subpoenas *duces*
2 *tecum* on the custodian of records from whom the medical records of the deceased Mark Friedman
3 are sought, including: (1) medical records of Mark Friedman (deceased), for the dates January 30,
4 2007 through February 9, 2007, from University Medical Center in Las Vegas, Nevada; and (2)
5 medical records of Mark Friedman (deceased), for the dates from January 30, 2007, through
6 February 9, 2007 from the Paramedics/AMR Unit in Las Vegas, Nevada.

7    **IT IS FURTHER ORDERED** that petitioner is granted leave to propound discovery
8 requests on respondents, to the extent that the medical records of Mark Friedman, as described
9 above, may be in possession, custody, or control of respondents.

10    **IT IS FURTHER ORDERED** that the certification requirements of Rules 26(c)(1) and
11 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26-7 apply to any and all disputes
12 with regard to the discovery allowed in this action. The parties shall confer and endeavor in good
13 faith to resolve any and all discovery disputes in this regard, and they shall seek court intervention
14 only as a last resort. All applicable discovery sanctions provided for within the Federal Rules of
15 Civil Procedure shall apply. Any and all discovery matters in this habeas case, including any
16 emergency discovery disputes under Local Rule 26-7(c), will be handled in this habeas case by the
17 presiding District Judge, rather than the Magistrate Judge.

18    **IT IS FURTHER ORDERED** that petitioner shall have **90 days** from the date of entry of
19 this order in which to complete the discovery authorized by this order.

20    **IT IS FURTHER ORDERED** that petitioner shall have **120 days** from the date of entry of
21 this order to file either: (a) a second amended petition taking into account the facts developed in
22 discovery; or (b) a notice that petitioner will not seek to amend the petition further so that the Court
23 and the parties may proceed in resolving this action.

     Dated: August 14, 2014.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE