# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEMAIN DOMINGUEZ
a/k/a
DEMIAN DOMINGUEZ,

    Petitioner,

vs.

BRIAN E. WILLIAMS, *et al.*,

    Respondents.

Case No. 2:12-cv-01608-JAD-PAL

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. By order filed August 14, 2014, this Court granted petitioner's request to conduct discovery. (Doc. 37). Specifically, the Court granted petitioner's request to serve subpoenas *duces tecum* on the custodian of records from whom the medical records of the deceased Mark Friedman are sought, including: (1) the records at University Medical Center (UMC) and (2) the records from the Paramedics/American Medical Response (AMR) unit for the relevant time period. (*Id.*). Additionally, the Court ordered that petitioner could propound discovery requests on respondents, to the extent that the medical records of Mark Friedman may be in the possession, custody, or control of respondents. (*Id.*). The Court's order of August 14, 2014, specified that petitioner had 90 days in which to complete discovery, and 120 days in which to file an amended petition. (*Id.*).

    On October 8, 2014, petitioner filed a motion to expand the scope of discovery and for a court order to obtain documents. (Doc. 38). Counsel for petitioner served American Medical Response (AMR) with a subpoena. On September 12, 2014, AMR responded that no records had been located for Mr. Friedman. After a request for further clarification, AMR sent an additional response on September 16, 2014, indicating that they have no records for Mr. Friedman because it is past their retention date of seven years. (Doc. 39, Exhibits 1, 2, 3).

Counsel for petitioner also served UMC with a subpoena on August 27, 2014. On September 24, 2014, counsel obtained Friedman's medical records from UMC. On September 29, 2014, counsel received additional records from UMC. The medical records from UMC did not include the AMR records. (Doc. 39, Exhibit 1).

On October 3, 2014, counsel for petitioner spoke with the previously-retained expert, Dr. Bruce Hirschfeld, about further work on this case. Counsel told Dr. Hirschfeld that AMR no longer had records for Mr. Friedman. Counsel asked whether those records would be relevant to a review of the cause of death. Dr. Hirschfeld indicated that such records would be relevant and that he would like to review them. (Doc. 39, Exhibit 1).

Petitioner's counsel seeks to expand the scope of discovery to subpoena the Clark County District Attorney's Office for the AMR records. The AMR records remain relevant to the question of the cause of Mr. Friedman's death. The defense expert has specifically indicated to counsel that he would like to review the AMR records. Petitioner's counsel submits that he has a good faith belief that the Clark County District Attorney's Offices possess the AMR records. Petitioner notes that, on the State's witness list for trial, a potential witness was "Custodian of Records AMR/Unit 3911." (Exhibit 32). The Court agrees that this is an indication that the Clark County District Attorney's Office may have the AMR records.

Counsel for petitioner has conferred with counsel for respondents. Respondents' counsel reviewed their files and indicated that they do not have a copy of Mr. Friedman's AMR records. (Doc. 39, Exhibit 1). Further, respondents have no objection to the request for a subpoena *duces tecum* to serve on the Clark County District Attorney's Office for the AMR records. (*Id.*). The Court grants petitioner's motion to expand the scope of discovery to allow petitioner to serve a subpoena *duces tecum* on the Clark County District Attorney's Office for the AMR records of Mark Friedman (deceased), for the dates January 30, 2007, through February 9, 2007.

On November 12, 2014, petitioner filed a motion for a 60-day extension of time in which to complete discovery, and a motion for an extension of time in which to file an amended petition. (Doc. 40). The basis of petitioner's motion largely repeats the points made in his earlier motion for an extension at Doc. 38. The Clerk of Court required petitioner's counsel to re-file the motion at

1  Doc. 40 as two motions, resulting in exact duplicates of the motion being filed at Docs. 42 and 43.
2  (See Doc. 41, Notice from Clerk).  The Court now directs the Clerk's Office to make a notation in
3  the CM/ECF docket indicating that the document filed at Doc. 40, 42, and 43 are duplicate images
4  of the same motion.  Good cause appearing, the motion is granted: Petitioner's motion for a 60-day
5  extension of time in which to complete discovery is granted and petitioner's motion for an
6  extension of time of 30-days after the completion of discovery is granted.

7  **IT IS THEREFORE ORDERED** that petitioner's motion to expand discovery (Doc. 38) is
8  **GRANTED,** allowing petitioner to serve a subpoena *duces tecum* on the Clark County District
9  Attorney's Office for the AMR records of Mark Friedman (deceased), for the dates January 30,
10  2007, through February 9, 2007.

11  **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL MODIFY** the CM/ECF
12  docket to indicate that the document filed at Doc. 40, 42, and 43 are duplicate images of the same
13  motion.

14  **IT IS FURTHER ORDERED** that the motion at Docs. 40, 42, and 43 is **GRANTED AS**
15  **FOLLOWS:**

16  1. The deadline for completion of discovery is extended until **60 days** from the date of
17  issuance of this order.

18  2. Petitioner's amended petition shall be filed within **30 days** after the completion of
19  discovery in this case.

Dated this 14th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE