**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Demain Dominguez,<br><br>    Petitioner<br><br>v.<br><br>Brian E. Williams, et al.,<br><br>    Defendants | 2:12-cv-01608-JAD-PAL<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss**<br><br>[ECF No. 63] |

Counseled petitioner Demain[1] Dominguez is serving multiple, consecutive 20-years-to-life sentences at the Southern Desert Correctional Center after a jury found him guilty of: (1) robbery, (2) burglary, (3) conspiracy to commit robbery, (4) first-degree murder, (5) conspiracy to commit murder, and (6) two use-of-deadly-weapon enhancements.[2] In his third-amended petition for a writ of habeus corpus under 28 U.S.C. § 2254, Dominguez argues that his Fifth and Fourteenth Amendment due-process rights were violated because the evidence was insufficient to support his murder, robbery, and conspiracy to commit robbery convictions.[3] He also argues that his Sixth and Fourteenth Amendment rights were violated because his defense attorney at trial provided him with ineffective assistance.[4] The Government moves to dismiss grounds 3 and 6 of the third-amended petition as untimely and procedurally barred.[5] I grant the motion in part, dismissing ground 6.

---

[1] Also known as "Demian."

[2] Nev. Dep't of Corrections, https://www.doc.nv.gov/Inmates/Home/ (last visited Dec. 1, 2017) (inmate search by name Demian Dominguez or by offender ID 1044289); *see also* ECF No. 1 at 2–3.

[3] ECF No. 61.

[4] *Id.*

[5] ECF No. 63.

## Background

In the early morning hours of January 30, 2007, Mark Friedman was attacked, stabbed, and robbed in his home.[6] After police officers and paramedics responded to the scene, Friedman was taken to the hospital.[7] Friedman suffered three stab wounds to the torso, among other injuries, but he did not appear to suffer direct internal injury.[8] Medical personnel performed an exploratory laparotomy to inspect Friedman's abdominal organs for injury.[9] Following surgery, Friedman began vomiting and aspirated some of the vomit into his lungs.[10] He died ten days later.[11]

At trial, medical examiner Dr. Gary Telgenhoff testified that Friedman's death was a result of complications from the stab wounds.[12] While Dr. Telgenhoff's testimony suggested that Friedman may have died directly from pneumonia that he contracted after aspirating his vomit—which was itself a result of the surgery—Telgenhoff believed that Friedman's death was caused by the stab wounds because, but for the wounds, Friedman would not have needed medical treatment.[13] But Dr. Telgenhoff was not present during the autopsy.[14]

On July 13, 2009, the jury found Dominguez guilty on all counts.[15] Dominguez appealed,

---

[6] ECF No. 22-3 at 39.

[7] *Id.* at 37–39; *see also* ECF No. 22-4 at 79–80.

[8] ECF No. 23 at 11, 15–18.

[9] *Id.* at 11–12.

[10] *Id.* at 12, 28–29.

[11] ECF No. 22-3 at 25–26; ECF No. 61 at 18.

[12] ECF No. 23 at 26.

[13] *Id.* at 11–12, 28.

[14] *Id.* at 9.

[15] ECF No. 22-3.

and the Nevada Supreme Court affirmed on December 20, 2010.[16] Eight months later, Dominguez filed a post-conviction petition for a writ of habeas corpus in state court.[17] The trial court denied the petition, and Dominguez appealed.[18] While his appeal was pending, Dominguez filed a second state habeas petition, and the trial court denied that, too, as untimely, successive, and an abuse of the writ.[19]

On July 25, 2012, the Nevada Supreme Court affirmed the denial of Dominguez's first state habeas petition, and remittitur issued on August 20, 2012.[20] Six months later, the Nevada Supreme Court affirmed the denial of the second state habeas petition as procedurally barred.[21]

Dominguez, initially pro se, filed this federal habeas petition on September 12, 2012.[22] The original petition asserted ten grounds for relief and included allegations that the exploratory surgery performed on Friedman was a superseding cause of Friedman's death and that Dominguez's trial counsel was ineffective for failing to investigate the State's witnesses.[23]

After counsel was appointed to represent Dominguez, first- and second-amended petitions were filed, and the court granted discovery.[24] During discovery, Dominguez obtained Friedman's medical records from University Medical Center and, by court-authorized subpoena,

---

[16] ECF No. 23-21.

[17] ECF No. 24.

[18] ECF Nos. 24-4, 24-6.

[19] ECF Nos. 24-10, 24-15.

[20] ECF Nos. 24-23, 24–24.

[21] ECF No. 24-25.

[22] ECF No. 1.

[23] *Id.*

[24] ECF Nos. 18, 37, 50.

Paramedics/AMR records from the Clark County District Attorney's Office.[25] Dominguez then filed a third state habeas petition, which was denied as untimely, successive, and procedurally barred.[26] The Nevada Supreme Court affirmed the denial as procedurally barred and barred by the law-of-the-case doctrine.[27] Dominguez then moved to file a third-amended federal habeas petition—the motion was granted.[28] The Government now moves to dismiss grounds 3 and 6 of the third-amended petition as untimely and procedurally defaulted.[29]

## Discussion

### A. Standards

#### 1. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. The statute imposing a period of limitations provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

---

[25] ECF Nos. 59-1, 61.

[26] ECF No. 59-13.

[27] *Id.*

[28] ECF Nos. 58, 60.

[29] ECF No. 63.

4

|   |   |   | Court and made retroactively applicable to cases on collateral review; or |
|---|---|---|---|
|   |   | (D) | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |
|   | (2) |   | The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection. |

28 U.S.C. § 2244(d) (2012).

A claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the claim relates back to a timely-filed claim on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim.[30] In *Mayle v. Felix*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction, or sentence.[31] Rather, FRCP 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[32] The reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."[33] A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely.[34]

---

[30] *Mayle v. Felix*, 545 U.S. 644 (2005); FED. R. CIV. P. 15(c).

[31] *Id.* at 655–54.

[32] *Id.* at 657.

[33] *Id.* at 659.

[34] *Id.* at 658 n.5.

5

### 2. *Procedural Default*

A federal court cannot review a claim that was denied by the state court on "independent and adequate state procedural grounds."[35] In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine.[36] A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default."[37] A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision."[38] A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law.[39]

When a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it.[40] To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[41] For cause to exist, the external impediment must have prevented the petitioner from raising the claim.[42] With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors

---

[35] *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

[36] *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).

[37] *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

[38] *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).

[39] *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

[40] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

[41] *Murray*, 477 U.S. at 488.

[42] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."[43]

**B.     Analysis**

*1.     Timeliness*

Dominguez concedes that grounds 3 and 6 of his third-amended petition are timely only if they relate back to his original, timely filed petition.[44]

    *a.     Ground 3*

Ground 3 of the third-amended petition asserts that Dominguez's trial counsel was ineffective for failing to investigate the State's medical witnesses.[45] Dominguez alleges:

> An investigation into these witnesses would have established that the stabbing did not cause the death. There was an intervening cause for Friedman's death, namely the unnecessary surgery. Such an investigation would have included, at the very least, obtaining the medical records and consulting an expert to review the records as well as the autopsy report.[46]

In ground 3 of his original petition, Dominguez alleged that trial counsel was ineffective for failing to investigate or interview any of the State's witnesses before trial,[47] including Dr. Telgenhoff.[48] Dominguez asserted that counsel's failure to investigate caused him prejudice because counsel was unprepared to adequately cross-examine the witnesses.[49] Ground 3 also

---

[43] *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

[44] ECF No. 7. Dominguez does not argue that his claims are timely under any other provision of § 2244(d).

[45] ECF No. 61 at 23–24.

[46] *Id.*

[47] ECF No. 1 at 18.

[48] *Id.* at 19.

[49] *Id.* at 20.

incorporated by reference the other grounds of the petition. In grounds 1, 4, and 10, Dominguez alleged that Friedman died from pneumonia arising from his medical treatment, and thus, Friedman's medical treatment was the proximate, superseding cause of Friedman's death—not the stab wounds.[50] The relevant operative facts in the original Ground 3 were thus: (1) trial counsel failed to investigate the medical examiner in order to effectively cross-examine him; and (2) the hospital's conduct, not the stab wounds, was the proximate, superseding cause of Friedman's death.

The operative facts of Ground 3 in the third-amended petition are: (1) trial counsel failed to investigate the State's medical witnesses; (2) an investigation would have included obtaining Friedman's medical records and consulting an expert to review the records; (3) this evidence would have shown that the State's causation evidence was not reliable and that the surgery was an intervening cause of Friedman's death. I find that amended ground 3 is merely an expansion of the substance of original ground 3: trial counsel was ineffective for failing to investigate so that he could refute the cause of death testimony.[51] So ground 3 of the third amended petition relates back to the original, timely filed petition, and the motion to dismiss ground 3 is denied.

### b. Ground 6

The same cannot be said of ground 6. In ground 6 of the third-amended petition, Dominguez asserts that the State suppressed Friedman's medical records and violated *Brady v. Maryland*.[52] The original petition contains no factual allegations common to this claim—there is neither an allegation that the State suppressed any evidence nor an allegation that Dominguez did

---

[50] *Id.* at 6, 8–12, 22–24, 48–51.

[51] *See Valdovinos v. McGrath*, 598 F.3d 568, 575–76 (9th Cir. 2010), *vacated on other grounds, Horel v. Valdovinos*, 562 U.S. 1196 (2011) (claim that trial counsel was ineffective with respect to four pieces of suppressed exculpatory evidence related back to claim that trial counsel was ineffective for failing to adequately investigate suppressed exculpatory evidence upon learning of it; amended claim "simply adds more evidence that counsel did not uncover in its original investigation").

[52] *Brady v. Maryland*, 373 U.S. 83, 87 (1963); ECF No. 61 at 31–38.

not have Friedman's medical records. The fact that Ground 6 is in some way connected to Dominguez's superseding-cause argument is insufficient to relate the claim back to the original petition.[53] The allegations in ground 6 differ in time and type from every other allegation in the original petition. So ground 6 in the third-amended petition does not relate back to the original, timely filed petition.

### 2. *Procedural Default*

Dominguez asserted ground 3 in his third state habeas petition.[54] When the Nevada Supreme Court affirmed the Nevada district court's denial of the petition as procedurally barred, it found that "several" of Dominguez's claims had already been raised and rejected in previous appeals and there were "barred by the law-of-the-case doctrine."[55] The Government argues that ground 3 is thus procedurally defaulted, but the Nevada Supreme Court's did not "specify which claims were barred for which reasons," so the ambiguity may defeat the independence of the state procedural bar.[56]

This ambiguity cannot be resolved by looking to the trial court's decision on the third state habeas petition. The trial court found only ground 1—not "several" grounds—subject to the law-of-the-case doctrine.[57] And while the Government argues that the Nevada Supreme Court was referring to grounds 1, 2, 4, and 5 when it found several of the claims subject to law of the

---

[53] *See Schneider v. McDaniel*, 674 F.3d 1144, 1151–52 (9th Cir. 2012) (although original and amended claims both related to co-defendant's testimony, they did not arise out of a common core of operative fact where one asserted trial counsel was ineffective, including by failing to timely move to sever, and the other asserted the trial court improperly denied a motion to sever); *Hebner v. McGrath*, 543 F.3d 1133, 1138 (9th Cir. 2008).

[54] ECF No. 59-1.

[55] ECF No. 59-13.

[56] *Koerner v. Grigas*, 328 F.3d 1039, 1053 (9th Cir. 2003) ("A claim cannot be both previously litigated and procedurally defaulted; either it was raised in a prior proceeding or it was not."); *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002).

[57] ECF No. 59-8 at 6–7.

case, this interpretation is not supported by the trial court's decision that found that grounds 2–5, including ground 3, had been previously litigated. If the ambiguity can be resolved in any way, then, it would be that the Nevada Supreme Court considered ground 3 subject to the law of the case. And to the extent that the state supreme court applied the law-of-the-case doctrine, such a rule does not give rise to a procedural default.[58]

I cannot conclude that the Nevada Supreme Court applied an independent and adequate procedural bar to ground 3, so it is not procedurally defaulted.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Government's motion to dismiss **[ECF No. 63] is GRANTED** in part and **DENIED** in part. The motion to dismiss is **GRANTED** with respect to **GROUND 6**, and it is **DENIED in all other respects**.

IT FURTHER IS ORDERED that the Government has until January 18, 2018, to file an answer addressing all remaining claims in the third-amended petition on their merits. Dominguez will have 45 days from service of the answer to file a reply.

DATED: December 4, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[58] *See Cone v. Bell*, 556 U.S. 449, 466 (2009) ("When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review.").